UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SCOTT T. NAGO, IN HIS OFFICIAL CAPACITY AS THE CHIEF ELECTION OFFICER FOR THE STATE OF HAWAII;<br><br>　　　　　Defendant. | CIV. NO. 23-00389 LEK-WRP |

## ORDER DISMISSING CASE

On September 20, 2023, Plaintiff Public Interest Legal Foundation Inc. ("Plaintiff") filed its First Amended Complaint for Declaratory and Injunctive Relief. [Dkt. no. 20.] On June 28, 2024, the Court issued an order that dismissed Counts I, II, and III without prejudice because the claims were not ripe, and granted Plaintiff leave to file a second amended complaint by October 28, 2024, if the claims were ripe at that time ("6/28 Order"). [Dkt. no. 58.[1]] As of the date of this Order, Plaintiff has not filed a second amended complaint, and has filed a notice of intent not to amend the complaint. [Dkt. no. 60.] Accordingly, this Court has the discretion to dismiss the Complaint without leave to amend. See Yourish v. Cal. Amplifier,

---

[1] The 6/28 Order is also available at 2024 WL 3233994.

191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)[2]), *superseded by statute on other grounds as recognized in* Russel v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023).

After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that dismissal without leave to amend is warranted. In light of Plaintiff's express notice of intent not to file an amended complaint, the Court finds that less drastic measures are not viable. The public interest in the expeditious resolution of this litigation and this Court's interest in

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citation and internal quotation marks omitted).

managing the docket strongly favor dismissal. Further, the case cannot currently be disposed of on the merits because the Court previously concluded Plaintiff's claims were not yet ripe. <u>See</u> 6/28 Order, 2024 WL 3233994, at *6, *7.

Because the Court concluded Plaintiff's claims were not yet ripe in the 6/28 Order, and Plaintiff has not filed a second amended claim demonstrating the claims are now ripe, the claims in Plaintiff's First Amended Complaint, which the Court previously dismissed without prejudice, are HEREBY DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND. The Court DIRECTS the Clerk's Office to enter final judgment and close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 29, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**PUBLIC INTEREST LEGAL FOUNDATION, INC. VS. SCOTT T. NAGO, ETC.; CV 23-00389 LEK-WRP; ORDER DISMISSING CASE**